**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MIGUEL QUIXIHUITL MORALES,**<br>**Petitioner,**<br>**v.**<br>**MARKWAYNE MULLIN, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12959–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Miguel Quixihuitl Morales's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Mexico. (*Id.* ¶ 1.) He entered the United States in 2000. (*Id.*)

2. On July 23, 2025, the Department of Homeland Security (Department) issued petitioner a notice to appear charging him with inadmissibility pursuant to Immigration and Nationality Act § 200A212(a)(7)(A)(i)(I), and initiating removal proceedings. (*Id.* ¶ 22.)

3. The Department arrested petitioner on October 3, 2026 and detained him in Delaney Hall Detention Facility. (*Id.* ¶ 3.)

4. Immigration and Customs Enforcement (ICE) made an initial custody determination concluding that petitioner was to be detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 4–1 p. 2.) Petitioner requested that an immigration judge review that determination. (*Id.*)

5. A bond hearing was scheduled for October 6, 2026. (ECF No. 4–2.) Petitioner withdrew the request at the hearing. (ECF No. 4–3 pp. 1, 2.)

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. "Respondents unquestionably possess the authority to detain noncitizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

8. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress … ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

9. Petitioner withdrew his bond request on October 6, 2026 without prejudice to his right to file a new request. (ECF No. 4–3 pp. 1, 2.)

10. "Immigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

11. Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and can seek a bond hearing from an immigration judge when he is ready to do so. Therefore, he must exhaust his administrative remedies before seeking habeas relief.

Accordingly,

**IT IS** on this **27th** day of **October 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**